Kirkpatrick C. J.
This cause was originally instituted ^g£ore j0]m wnson¡ esq. of the county of Essex. Upon the re^um the process, Craig, the plaintiff in that court, appeared and filed his state of demand. Hendricks, the defendant, did not ap*pear, but sent a written request for a commission to take the testimony of David Turvey, a resident of the city of New- Fork, accompanied by an affidavit taken before Jeremiah Ballard, esq., that the said David Twrvey was a material witness for him in this cause, but not that he resided out of this state. The justice, thereupon, without other affidavit or proof, and without othet or further motion in open court or notice to the plaintiff, issued a commission to one David 8. Lyon, of the said city of New-York, to take the testimony of the said David Turvey, upon his corporal oath or affirmation to be taken before him, the said commissioner. Upon the trial of the cause, the testimony of the said David Turvey, taken under the said commission, was offered in evidence by the said defendant, and though objected to by the plaintiff, was admitted and read; but a judgment was notwithstanding, rendered for the plaintiff for the sum of 69 *655 dollars, 50 cents, damages, and 2 dollars, 30 cents, costs. From this judgment the defendant appealed, and, upon the appeal, he again offered to read in evidence, the testimony taken under the said commission as aforesaid; but the same being again opposed by the plaintiff, it was overruled by the court, and, upon other evidence, the judgment of the justice was affirmed with costs. This judgment upon the appeal, is now brought up here by certiorari, and the question is upon the rejecting of this testimony.
The act authorising the issuing of commissions, says, “that if a material witness reside out of the state, it shall be lawful, on affidavit, or proof thereof to the satisfaction of the court, and upon motion made by, or on behalf of, either party, in open court, to issue a commission authorising the commissioner to examine the witness on oath or affirmation, upon interrogatories to be annexed to tire said commission ; and that each party shall have liberty to insert in the interrogatories, such questions as he may think necessary
Now, as the power of granting commissions to take the testimony of absent witnesses is a new power created by statute, the rule is, that it must be pursued strictly, and in such way, certainly, as that both parties may have all the advantages under it which the legislature intended to give, (a)
Hero there was no affidavit or other proof that the witness resided out of the state; there was no motion in open court for the commission, or notice given to the opposite party, nor opportunity afforded him to insert in the interrogatories the questions which he might think necessary ; in all which respects the commission was irregularly issued, and, in the last, highly injurious to the plaintiff, (b)
In all these views of the subject, therefore, I think the court below did right in rejecting this testimony.
I have only to observe further, in this case, that there is an inaccuracy in the manner in which the judgment *656 is entered, though I believe that inaccuracy is not suffiground of reversal here.
The act giving the appeal, speaks of the affirming or reversing of the judgment of the justice; and it is not unusual for the Courts of Common Pleas, as is done in this case, merely to enter a judgment of affirmance or reversal. But as this is not a court of error, but a court of appeal to try the cause anew, upon the merits, and to pronounce a final judgment thereupon between the parties, such entry is not correct, (a) It ought to go farther, and to say, the court affirm the judgment of the justice, and give judgment for the plaintiff for the said sum of (in this case) 69 dollars, 50 cents, damages, and 2 dollars, 30 cents, costs, and also for the further sum of being the costs of this appeal; or in case they would give a judgment different from that rendered by the justice, then to say, the court reverse the judgment of the justice, and give judgment for .the plaintiff for the sum of and also for the further sum of being costs of this appeal. And so in all other cases, according to the nature of the judgment. Butin all courts of appeal, upon the merits, the judgment must be final. Here, though the entry be not formal, it may be considered as final, and therefore, upon the whole case,
Let the judgment be affirmed.
Note. In this case, it was urged as a reason for reversal, that the judgment of the justice was not rendered at the time of the trial, but time taken for advisement, and the judgment then rendered in the absence of the defendant, without notice. (b) But the court did not consider the reason valid. The defendant below did not bring his certiorari to reverse the judgment of the justice for error, but took an appeal to the Common Pleas, and had a trial upon the merits. It was the judgment of the Common Pleas which was removed, and the court would not look *657 beyond it to the proceedings of the justice, in order to find in them an objection, which had done the 110 injury, (a)
*In this case also, the Chief Justice suggested, as J , worthy of consideration, whether the oath of the witness, as administered by the commissioner, was not altogether voluntary and illegal. He was directed to examine the witness upon his corporal oath or affirmation, to be taken before him, that is, before the commissioner himself; and it was to be presumed it was so done, though it was not particularly so stated. Could the state of New-Jersey or any of her justices, authorise a private citizen of the state of New-York, to administer oaths there for any judicial purposes? Does the act pretend to give any such authority? Is not an oath so administered, to say the best of it, a mere voluntary oath, and how false soever, would not subject the deponent to the pains of perjury? And if so, could such an oath, upon principle, be received to establish the truth of the fact, between contending parties, in a court of justice ?

а) Ogden vs. Robertson, 3 Gr. 126. Lawrence vs. Finch, 2 C.E. Gr. 241. Horan vs. Green, 1 Zab. 562.

 Wilson vs. Cornell, 1 South. 117. Den vs. Farley, 1 South. 124.

 Hann vs. Gosling, 4 Hal. 248. Jones vs. Pitman, 7 Hal. 93. Woodruff vs. Badgley, 7 Hal. 367. Saxton vs. Landis, 1 Har. 304. Garr vs. Stokes, 1 Har. 404. Glover vs. Collins, 3 Har. 236. Ivins vs. Schooley, 3 Har. 269. Cook vs. Brister, 4 Har. 73. But it may be remitted for correction, Blair vs. Snover, 5 Hal. 154. Doremus vs. Howard, 3 Zab. 390. Cheeseman vs. Cade, 4 Zab. 632.

 Van Riper vs. Van Riper, 1 South. 156. Clark vs. Reed, ante 486.

 Nicholson vs. Wood, 3 Gr. 464. Rodenbough vs. Rosebury, 4 Zab. 491. State, Dunn vs. Overseers, &c. 3 Vr. 283. Vannoy vs. Givens, 3 Zab. 201.